IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ARRIVALSTAR S.A., et al.,       )
                                )
          Plaintiffs,           )
                                )
     v.                         )    No. 11 C 5016
                                )
GEO-COMM, INC.,                 )
                                )
          Defendant.            )

## MEMORANDUM OPINION AND ORDER

ArrivalStar S.A. and Melvino Technologies Limited have just filed a Complaint for Patent Infringement against Geo-Comm, Inc. ("Geo-Comm"). This memorandum opinion and order is issued sua sponte because that filing is at odds with long-established venue limitations.

Complaint ¶8 seeks to invoke both 28 U.S.C. §§1391 and 1400(b)[1] as the predicate for bringing suit against Geo-Comm in this judicial district. But more than a half century ago Fourco Glass Co. v. Transmirra Corp., 353 U.S. 222, 224-29 (1957) reconfirmed the even-earlier-established principle that the limited provision in Section 1400(b) "is the sole and exclusive provision controlling venue in patent infringement actions" (id. at 229), trumping the general venue provisions of Section 1391--a proposition again reconfirmed (en passant) in Brunette Mach. Works, Ltd. v. Kockum Indus., Inc., 406 U.S. 706, 711-13 (1972).

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

Here then are the venue limitations imposed by Section 1400(b):

> Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business.

What is critical to the first Section 1400(b) alternative is that under that statute a defendant "resides" only in its state of incorporation (see, e.g., Dual Mfg. & Eng'g, Inc. v. Burris Indus., Inc., 531 F.2d 1382, 1385 (7th Cir. 1976), relying both on Fourco and on the even more hoary precedent of Shaw v. Quincy Mining Co., 145 U.S. 444 (1892)). On that score Complaint ¶7 alleges that Geo-Comm is a Minnesota corporation, which eliminates that first alternative for bringing suit here.

As for Section 1400(b)'s second alternative, Complaint ¶7 says only this:

> GeoComm transacts business and has, at a minimum, offered to provide and/or provided in this judicial district and throughout the State of Illinois services that infringe claims of the '859, '927, and '058 patents.

Although those allegations may suffice to meet the requirement that Geo-Comm must have "committed acts of infringement" in this Northern District of Illinois, it is fatally short of the equally critical component that it must have "a regular and established place of business" in this judicial district.

What has been said here is not of course jurisdictional (see Section 1406(b)), but it unquestionably demonstrates that

2

plaintiffs' counsel have chosen the wrong place to bring suit. To avoid a waste of time and resources, this Court sets a status hearing at 8:45 a.m. August 18, 2011 to discuss whether this action is to remain in this District Court. Plaintiffs' counsel is ordered to take whatever steps may be necessary to alert Geo-Comm to the need to have counsel representing it present (or available telephonically pursuant to advance notice to this Court's minute clerk) at that status hearing, even though Geo-Comm need not have filed any responsive pleading or motion by that date.

_____
Milton I. Shadur
Senior United States District Judge

Date: July 27, 2011